**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

**TERRY L. TERRY**                                 **CIVIL ACTION NO.: 18-812**

**v.**                                              **JUDGE ELIZABETH ERNY FOOTE**

**DARREL VANNOY**                      **MAGISTRATE JUDGE HORNSBY**

**MEMORANDUM RULING**

Before the Court is Petitioner's appeal of the Magistrate Judge's order denying Petitioner's motion to strike any response the State might make to his application for a writ of habeas corpus. [Record Document 17]. Because the Magistrate Judge's ruling was neither clearly erroneous nor contrary to law, his order [Record Document 16] is **AFFIRMED**.

**I.**     **Background**

Petitioner Terry L. Terry ("Terry") was convicted of three counts of child molestation and sentenced to fifty years imprisonment. [Record Document 1 at 1]. He filed his federal habeas petition on June 14, 2018. [*Id.*]. After being served, the State moved for a sixty-day extension, which this Court granted. [Record Documents 9 and 10]. After discovering that the current district attorney of Caddo Parish issued an order in Terry's appeal while serving as an appeals court judge, the State sent Terry a conflict waiver form and requested an extension of time to address the conflict. [Record Document 12]. The State also represented that it needed additional time to obtain transcripts of the victims' Gingerbread House interviews that were played at Terry's trial. [*Id.* at 2]. The Court granted this request. [Record Document 13].

Terry filed oppositions to the State's motions. [Record Documents 11 and 14]. In each case, this Court had already granted the extensions before receiving Terry's objections. [Record Documents 10 and 13]. In his opposition to the second motion, Terry incorporated a motion to strike any answer the State might make to his petition. [Record Document 14 at 3]. In this filing, he argued that the State could find an unconflicted attorney to work on his case and that the State should already have transcripts of the Gingerbread House interviews. [*Id.* at 2].

The Magistrate Judge denied Terry's motion to strike, explaining:

> The extension related to the conflict was to allow for an exchange of correspondence in the hopes of obtaining a waiver of the conflict. And it is not unusual for the State to lack a transcript of a Gingerbread House interview when the case reaches the habeas stage. The recorded interviews are often played at the state court trial but with no transcript made by the court reporter.

[Record Document 16 at 1–2]. The Magistrate Judge found that the time required to obtain transcripts and prepare briefing rendered the State's "requested extensions of time . . . entirely reasonable and within the ordinary expectations for a case such as this." [*Id.* at 2]. It is this finding and the resulting denial of his motion to strike that Terry has appealed. [Record Document 17].

## II. **Standard of Review**

Under the Federal Magistrate Act, a magistrate judge may issue binding rulings on non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). A party that objects to such a ruling may appeal to the district judge who "must . . . modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A clear error standard applies to a magistrate judge's findings of fact, while legal conclusions are reviewed de novo. *See Spillers v. Chevron USA Inc.*, No. 11-2163, 2013 WL 869387,

at *3 (W.D. La. Mar. 6, 2013) (citing *Choate v. State Farm Lloyds*, No. 03-2111, 2005 WL 1109432, at *1 (N.D. Tex. May 5, 2005)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Hence, reversal of a factual finding is improper whenever the "magistrate judge's 'account of the evidence is plausible in light of the record viewed in its entirety.'" *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (quoting *Resolution Tr. Corp. v. Sands*, 151 F.R.D. 616, 619 (N.D. Tex. 1993)).

### III. **Application**

An extension of time to file an answer is a non-dispositive matter, and so the Magistrate Judge could properly issue a binding order granting the extension. *See Fletcher v. United States*, 452 F. App'x 547, 553 (5th Cir. 2011) (per curiam) (unpublished) (citing Fed. R. Civ. P. 72(a); *Tucker v. U.S. Dep't of Army*, 56 F.3d 1384 (5th Cir. 1995) (per curiam) (unpublished)). Terry now argues that the Magistrate Judge erred because the jury at Terry's trial was provided with transcripts of the Gingerbread House interviews. [Record Document 17 at 3].

In his opposition to the State's motion for a second extension, Terry made the conclusory allegation that "the State should already be in possession of both the Gingerbread House interviews and the transcripts of the interviews." [Record Document 14 at 2]. It is only in the instant appeal that Terry has offered a supporting factual explanation—namely, that transcripts of the interviews were used at his trial. Nevertheless, even if Terry had provided the Magistrate Judge with this information, an

3

order granting the State's motion would not have been erroneous. This Court has no way to know the condition of the district attorney's files nor whether the transcripts were even made part of the state court record. If they were not formally entered into the record, then they may no longer exist even if they were shown to the jury at trial. As the Magistrate Judge correctly noted, this Court generally requires transcripts of Gingerbread House interviews before it is able to review habeas petitions in child sexual abuse cases. [Record Document 16 at 2]. If this Court begins to review a petition and then discovers that a transcript is missing, this Court must stop work on the petition until a transcript can be obtained. As having a complete record prior to any review reduces potential delay, the Magistrate Judge's findings in this regard were not clearly erroneous.

The Magistrate Judge's ruling was also in accordance with applicable law. The State has yet to file an answer, and so there is nothing in the record for this Court to strike. Moreover, if this Court were to grant Terry's motion and prohibit the State from answering his petition, he would then be entitled to seek a default judgment. However, "[d]efault judgments are not appropriate in habeas corpus cases." *Lemons v. Collins*, 992 F.2d 326 (5th Cir. 1993) (per curiam) (unpublished) (citing 7 *Moore's Federal Practice* ¶ 81.05[4] at 81-55 & n.14).[1]

---

[1] Arguably, the Supreme Court impliedly abrogated this holding in *Gonzalez v. Crosby* by opining that Rule 60(b) of the Federal Rules of Civil Procedure "is often used to relieve parties from the effect of a default judgment mistakenly entered against them, a function as legitimate in habeas cases as in run-of-the-mine civil cases." 545 U.S. 524, 535 (2005) (internal citation omitted). However, post-*Gonzalez* rulings have not recognized such an implication. *See, e.g.*, *Harris v. Warden, London Corr. Inst.*, No. 17-3944, 2018 WL 1224456, at *2 (6th Cir. Mar. 1, 2018) (citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *superseded by statute on other grounds as recognized in Jenkins v. Turner*, No. 2:17-cv-738, 2018 WL 4301313 (S.D. Ohio Sept. 10, 2018));

4

Terry correctly notes that self-represented habeas petitioners are required to abide by the deadlines established by statute, rule, and court order. [Record Document 14 at 3]. However, being held to this standard means only that a petitioner cannot allow a deadline to pass without making a timely filing or requesting an extension. Once a petitioner timely files a petition for a writ of habeas corpus, this Court is typically generous with extensions to prepare subsequent filings. Although this Court will deny extensions when it detects dilatory motives, the Magistrate Judge's finding that the State had articulated appropriate reasons for its request was not clearly erroneous.

## IV. Conclusion

In light of the foregoing, **IT IS ORDERED** that the ruling of the Magistrate Judge denying Terry's motion to strike [Record Document 16] is **AFFIRMED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 5th day of June, 2019.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

*Quinones-Torres v. United States*, 240 F. App'x 876, 878 (1st Cir. 2007) (citing *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990)). This Court need not decide this issue because even if default judgments are available in habeas cases, the Magistrate Judge was not clearly wrong in finding appropriate an extension of time in order to obtain a conflict waiver and prepare a complete transcript.

5